**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| JAMES L. ADAMS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. CJC-25-3060 |
| FRANK BISIGNANO, | * | |
| COMMISSIONER OF SOCIAL SECURITY, | * | |
| Defendant. | * | |

## MEMORANDUM OPINION

Plaintiff/Claimant James L. Adams petitions this Court to review the Commissioner of the Social Security Administration's (the "Commissioner") final decision involving his claim for disability insurance benefits ("DIB"). ECF No. 8 at 1. The Court has considered the record and the parties' briefs. ECF Nos. 7, 8, 12. No hearing is necessary. Loc. R. 105.6 (D. Md. 2025). For the reasons that follow, the Court reverses and remands the judgment of the Social Security Administration.

## PROCEDURAL BACKGROUND

On December 27, 2023, Adams applied for DIB under Title II of the Social Security Act. R. 89. His claim was denied initially and on reconsideration. R. 102–05, 115–17. On Adams's request, an Administrative Law Judge (ALJ) held a hearing to review his claim. R. 36–73, 129–30. Following the hearing, the ALJ issued a decision in which the ALJ found that Adams was not disabled. R. 14–35. Adams requested that the Social Security Appeals Council review the ALJ's decision. R. 197–98. On September 10, 2025, the Appeals Council denied Adams's request for review, rendering the ALJ's decision the final, reviewable decision of the Social Security

Administration. R. 1–6. Adams then timely petitioned for judicial review in this Court on September 16, 2025. ECF No. 1.

**THE ALJ'S DECISION**

A claimant is legally disabled under the Social Security Act if they are unable "to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a). The ALJ must conduct a five-step sequential evaluation to determine if a claimant is disabled. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012). "For the first four steps, the burden lies with the claimant; at step five, it shifts to the Commissioner." *Thomas v. Berryhill*, 916 F.3d 307, 310 (4th Cir. 2019), *as amended* (Feb. 22, 2019). The ALJ reviews whether the claimant "(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy." *Hancock*, 667 F.3d at 472. Prior to steps four and five, the ALJ must determine a claimant's Residual Functional Capacity ("RFC"), which is the most work a claimant can do despite their physical and mental limitations. *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 254 (4th Cir. 2017).

The ALJ here conducted the sequential evaluation as follows. At step one, the ALJ determined that Adams "has not engaged in substantial gainful activity since August 22, 2022, the alleged onset date." R. 19. At step two, the ALJ found that Adams had the following severe impairments: "degenerative disc disease; gastroesophageal reflux disease (GERD); and obesity." R. 19. The ALJ also found that Adams had the non-severe impairment of adjustment disorder, among others. R. 20. At step three, the ALJ determined that Adams did not "have an impairment

or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." R. 22. The ALJ additionally determined that Adams had the RFC to

> perform light work as defined in 20 CFR 404.1567(b) except the claimant can occasionally climb, stoop, crouch, kneel and crawl. The claimant can balance on even surfaces and stand and walk on level terrain.

R. 22. At step four, the ALJ determined that Adams was "capable of performing past relevant work as a computer security specialist." R. 29. As a result, the ALJ concluded that Adams was not disabled without reaching step five. R. 30.

## STANDARD OF REVIEW

The Court will affirm the ALJ's decision if the ALJ's factual findings are "supported by substantial evidence and were reached through application of the correct legal standard." *Shelley C. v. Comm'r of Soc. Sec. Admin.*, 61 F.4th 341, 353 (4th Cir. 2023) (citation omitted); 42 U.S.C. § 405(g). An ALJ's decision satisfies the substantial evidence standard if it contains "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citation omitted). In conducting this review, the Court determines "not just 'whether the ALJ examined all relevant evidence' but also whether the ALJ 'offered a sufficient rationale in crediting certain evidence and discrediting other evidence.'" *Drumgold v. Comm'r of Soc. Sec.*, 144 F.4th 596, 605 (4th Cir. 2025) (citation omitted).

## DISCUSSION

Adams argues that the ALJ erred in assessing his RFC and in evaluating his symptoms. ECF No. 8 at 3, 14. Regarding the ALJ's evaluation of Adams's symptoms, Adams contends that the ALJ erred because the ALJ: (1) discounted his subjective complaints using objective medical

evidence, (2) inadequately addressed the intensity and persistence of his symptoms, (3) failed to identify the subjective complaints that the ALJ alleged were inconsistent with the evidence, and (4) improperly assessed his daily activities. ECF No. 8 at 14–25. The Court finds Adams's first argument regarding the evaluation of his symptoms persuasive—that the ALJ erred by using objective medical evidence to discount Adams's subjective complaints. As a result, the remaining arguments need not be addressed.

An ALJ must conduct a two-step process to evaluate a claimant's symptoms. First, "the ALJ must determine whether objective medical evidence presents a 'medically determinable impairment' that could reasonably be expected to produce the claimant's alleged symptoms." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020) (quoting 20 C.F.R. § 404.1529(b)). "Second, after finding a medically determinable impairment, the ALJ must assess the intensity and persistence of the alleged symptoms to determine how they affect the claimant's ability to work [a 40-hour work week] and whether the claimant is disabled." *Id.*; 20 C.F.R. § 404.1529(c). The Court reviews the ALJ's analysis of the second step because that is where the parties direct their arguments.

Under the second step, an ALJ evaluates the intensity, persistence, and limiting effects of a claimant's symptoms using multiple factors, not least of which is subjective evidence. 20 C.F.R. § 404.1529(c). Generally, an ALJ considers "the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Shelley C.*, 61 F.4th at 360 (citation omitted). Although the ALJ's analysis is multifaceted, a claimant is "entitled to rely exclusively on

subjective evidence to prove the second part of the test." *Arakas*, 983 F.3d at 95 (citation omitted).

The way in which an ALJ evaluates objective medical evidence and subjective complaints is further determined by the type of impairment the claimant suffers. For most impairments, an ALJ errs when the ALJ disregards a claimant's subjective complaints *solely* because they are not supported by objective medical evidence. *Arakas*, 983 F.3d at 95. On the other hand, the Fourth Circuit has recognized that, for certain impairments, such as major depressive disorder or fibromyalgia, "ALJs may not rely on objective medical evidence (or the lack thereof)—*even as just one of multiple factors*—to discount a claimant's subjective complaints" because such impairments do not typically produce accurate objective indicators of limiting symptoms. *Id.* at 97–98 (emphasis added) (holding that ALJs cannot discount subjective complaints of Fibromyalgia based on objective medical evidence); *Shelley C.*, 61 F.4th at 361 (extending holding in *Arakas* to major depressive disorder). Courts have often remanded because an ALJ relied on objective medical evidence as a factor to discount symptoms of major depressive disorder. *See, e.g.*, *Steven S. v. Bisignano*, Civil Action No. AAQ-24-3001, 2026 WL 772413, at *4–5 (D. Md. Mar. 19, 2026) (finding the ALJ erred in discounting claimant's depression symptoms by using objective medical evidence as a factor); *Crystal G. v. Bisignano*, Civil Action No. DRM-25-0771, 2026 WL 785043, at *2–4 (D. Md. Mar. 20, 2026) (same); *Maurice S. v. Bisignano*, Civil Action No. DRM-24-3301, 2026 WL 878643, at *3–5 (D. Md. Mar. 31, 2026) (same). *But see Theodore F. v. Kijakazi*, Civil Action No. ADC-22-1658, 2023 WL 2837585, at *5 (D. Md. Apr. 7, 2023) (declining to apply prohibition on using objective evidence as a factor because claimant had impairments that produced objective evidence).

Here, the record reflects that Adams was diagnosed with major depressive disorder. Adams received this diagnosis during a mental evaluation in 2024. R. 1148. Alongside this diagnosis, the record reflects that Adams has suffered from depression. *See, e.g.*, R. 519 (diagnosing Adams with "Adjustment Disorder with Mixed Anxiety and Depression"); R. 775 (reviewing Adams's psychiatric system and listing depression as an ailment); R. 1077 (describing subjective report of 20-year history of depression). Further, the ALJ determined that Adams had the non-severe impairment of an adjustment disorder. R. 20. Based on these findings, the ALJ could not rely on objective medical evidence as a factor in discounting Adams's subjective complaints of depression.[1]

Nevertheless, the ALJ did exactly that. At step two of the two-step symptom evaluation, the ALJ determined that Adams's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely consistent with the medical evidence and other evidence in the record." R. 23. The ALJ then discounted Adams's subjective complaints in three parts of the ALJ's decision.

- First, in analyzing step two of the sequential evaluation process, the ALJ noted that Adams reported that he suffered from "depression with irritability and that the slightest thing sets him off" but that he nevertheless had only a mild limitation in adapting or managing oneself in part because he had "no lasting deficits of … speech, psychomotor behavior, thought process, or insight," and although "the claimant underwent outpatient mental health treatment for a generally brief period following his alleged onset date … he did not continue in such outpatient treatment on an ongoing basis or require any emergency or inpatient treatment for any exacerbated symptoms." R. 21.
- Second, in reviewing the opinions of the medical experts, the ALJ acknowledged Adams's alleged "lapses in focus and motivation" and social limitations due to his mental health problems, but the ALJ discounted them in part because Adams presented "no psychomotor

[1] The prohibition on using objective medical evidence to discount a claimant's subjective complaints also applies to cases in which the ALJ finds that the claimant's depression is non-severe. *See Crystal G.*, 2026 WL 785043, at *1–4 (remanding because the ALJ discounted claimant's non-severe depression using objective medical evidence).

agitation or retardation, good eye contact, normal speech, good insight and judgment, and intact memory" and because Adams "did not continue … outpatient treatment on an ongoing basis or require any emergency or inpatient treatment for any exacerbated symptoms." R. 28.

- Third, in concluding that Adams's mental impairments did not warrant mental limitations in the RFC, the ALJ discounted his mental impairments in part because, again, Adams did not attend significant, ongoing outpatient treatment. *See* R. 28–29 (characterizing Adams's mental health treatment as "brief and routine").

In these three parts, the ALJ erroneously used certain types of objective evidence to discount Adams's subjective complaints of depression. The ALJ improperly used "providers' clinical interpretations of their observations" to discount Adams's subjective complaints. *See Lonnell J. v. Bisignano*, Civil Action No. DRM-24-3673, 2026 WL 693344, at *5 (D. Md. Mar. 12, 2026) (finding ALJ erred by citing to providers' characterizations of claimant's "affect, orientation, demeanor, eye contact, participation, and mood"). Additionally, by repeatedly noting that Adams did not continue outpatient mental health treatment or require emergency treatment, the ALJ relied on the *absence* of more significant mental health treatment to discount Adams's subjective complaints, a practice that is squarely prohibited. *Shelley C.*, 61 F.4th at 361 (holding that "ALJs [cannot] rely upon the absence of objective medical evidence to discredit 'a claimant's subjective complaints'" (citation omitted)); *Arakas*, 983 F.3d at 97 (criticizing that "the ALJ referred at least five times to the supposed lack of objective medical evidence supporting [claimant's] complaints," including a statement by the ALJ that doctors' reports did not "reveal the type of significant clinical and laboratory abnormalities one would expect if the claimant were disabled"). For these reasons, the ALJ erred by using objective medical evidence, even as one of multiple factors, to discount Adams's subjective complaints.

In light of the ALJ's error, remand is warranted. On remand, the ALJ should conduct a proper analysis of Adams's subjective complaints and symptoms.[2] As to the arguments Adams raised that the Court did not address, the ALJ is welcome to consider these arguments on remand. The Court expresses no opinion as to whether the ALJ's conclusion regarding Adams's entitlement to benefits is correct.

## CONCLUSION

Pursuant to sentence four of 42 U.S.C. § 405(g), the Social Security Administration's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion.

Date: August 25, 2026

/s/
Chelsea J. Crawford
United States Magistrate Judge

[2] In addition to suffering from depression, Adams suffers from anxiety. R. 519 (diagnosing Adams with "Adjustment Disorder with Mixed Anxiety and Depression"). The ALJ can consider objective medical evidence as a factor in evaluating Adams's subjective statements about anxiety, unlike when evaluating his depression. *See Maurice S.*, 2026 WL 878643, at *6 n.5. The ALJ has not, however, distinguished between Adams's depression and anxiety when evaluating his symptoms. "On remand, the ALJ may consider conducting the … analysis of [Adams's] depression-related symptoms separately from those of [his anxiety], to avoid any ambiguity that the discussion of objective medical evidence is confined to disorders which are not subject to the restriction of *Arakas* and *Shelley C.*" *Id.*